# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 7 Proceeding |
|---|---|
| ADRIAN UGARTE, | Case No. 4:21-bk-03256-BMW |
| Debtor. | |
| ADRIAN UGARTE, | Adv. Case No. 4:21-ap-00164-BMW |
| Plaintiff, | **RULING AND ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| NORTHSTAR ALARM SERVICES, | |
| Defendant. | |

Before the Court is the *Plaintiff's Motion for Default Judgment* (the "Motion") (Dkt. 34) filed by Adrian Ugarte (the "Plaintiff") on January 25, 2022, in which the Plaintiff asks the Court to enter judgment awarding him damages against Northstar Alarm Services (the "Defendant") pursuant to 11 U.S.C. § 362(k)[1] for violation of the automatic stay. Specifically, the Plaintiff asks the Court to award him: (1) $39.99 in actual damages representing one post-petition automatic payment deduction; (2) $3,500 for attorneys' fees and costs, which represents the flat fee amount

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

requested by Plaintiff's counsel for this proceeding; and (3) punitive and/or emotional distress damages in the amount of $3,000.

The Court held a hearing on the Motion on April 13, 2022 (the "Default Hearing"), at which time the Court: (1) found that the Plaintiff had sufficiently established that the Defendant committed a willful violation of the automatic stay; (2) granted the Plaintiff's request for actual damages in the amount of $39.99; (3) ordered Plaintiff's counsel to submit time records to enable the Court to assess the reasonableness of the requested attorneys' fees and costs; and (4) denied the Plaintiff's request for punitive and/or emotional distress damages without prejudice.

After the Default Hearing, Plaintiff's counsel filed an affidavit of attorneys' fees and a supplemental affidavit of the Plaintiff in support of his request for punitive and emotional distress damages. (Dkt. 46 & 47).

Based upon the entire record before the Court, the Court now issues its ruling with respect to the Plaintiff's requests for attorneys' fees, costs, emotional distress damages, and punitive damages.

**1. Attorneys' Fees and Costs**

Pursuant to § 362(k)(1), "an individual injured by any willful violation of a stay provided by [§ 362] shall recover actual damages, including costs and attorneys' fees . . . ." In this case, based upon the services provided by Plaintiff's counsel, as well as the affidavit of attorneys' fees which has been submitted and is supported by itemized time sheets, it is the determination of this Court that the request for attorneys' fees and costs in the amount of $3,500 is reasonable and recoverable under § 362(k).

**2. Emotional Distress and/or Punitive Damages**

The remaining relief requested is "[a]n award assessing punitive damages including compensation for emotional distress pursuant to 11 U.S.C. § 362 . . . in the amount of $3,000.00." (Dkt. 34 at 2).

As a threshold matter, "[e]motional distress damages are a form of monetary relief – compensatory damages – but they are not punitive."[2] *Hunsaker v. United States*, 902 F.3d 963,

---

[2] As the Ninth Circuit has explained, emotional distress damages "compensate for an actual injury:

968 (9th Cir. 2018). In the Ninth Circuit, an award of emotional distress damages is permissible "if the bankruptcy petitioner '(1) suffer[s] significant harm, (2) clearly establish[es] the significant harm, and (3) demonstrate[s] a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process).'" *In re Snowden*, 769 F.3d at 656-57 (quoting *In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004)).

In this case, the Plaintiff has detailed approximately four months of collection efforts by the Defendant in willful violation of the stay. The record reflects that the Defendant's conduct exacerbated the Plaintiff's stress and anxiety, and caused the level of significant harm, distinct from the anxiety and pressures inherent in the bankruptcy process, to support an award of emotional distress damages. As a result, based upon the record, it is the determination of this Court that the Plaintiff is entitled to an award of emotional distress damages in the amount of $1,500 to compensate the Plaintiff for the emotional harm the Defendant's stay violations caused him.

To the extent the Plaintiff is requesting an additional award of punitive damages, § 362(k)(1) provides for such an award "in appropriate circumstances." 11 U.S.C. § 362(k)(1). "Generally speaking, there are two underlying purposes for punitive damage awards: to punish outrageous conduct and to deter future similar conduct." *In re Moon*, No. 13-bk-12466-MKN, 2021 WL 62629, at *7 (B.A.P. 9th Cir. Jan. 7, 2021), *appeal dismissed sub nom. In re Moon*, No. 21-60010, 2021 WL 3508616 (9th Cir. Apr. 19, 2021) (quoting *Orian v. Asaf (In re Orian)*, No. CC-18-1092-SFL, 2018 WL 6187784, at *13 (B.A.P. 9th Cir. Nov. 27, 2018)). As such, "[a]n award of punitive damages requires 'some showing of reckless or callous disregard for the law or rights of others.'" *In re Snowden*, 769 F.3d 651, 657 (9th Cir. 2014) (quoting *In re Bloom*, 875 F.2d 224, 228 (9th Cir. 1989)). "In awarding punitive damages, a court should consider: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the

---

distress[,]" unlike punitive damages, which are not awarded to compensate for an injury, but are instead awarded "to punish reprehensible conduct and to deter future occurrence." *Hunsaker*, 902 F.3d at 968 n.3 (quoting in part *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)).

punitive damage award and the civil penalties authorized or imposed in comparable cases." *In re Moon*, 2021 WL 62629, at *6.

In this case, the Plaintiff has not set forth any concrete basis to support an award of punitive damages. The record does not reflect that the Defendant's conduct was sufficiently reckless, callous, or outrageous to warrant any such damages. Further, Plaintiff's counsel confirmed at the Default Hearing that the stay violations ceased after the filing of this adversary proceeding, and the Court finds that the damages awarded herein are sufficient to deter future similar conduct.

### 3. Conclusion

Given the Defendant's failure to plead or otherwise defend against this adversary action, and given the entire record before the Court, it is the determination of this Court that the Plaintiff is entitled to actual damages in the amount of $39.99, emotional distress damages in the amount of $1,500, and attorneys' fees and costs in the amount of $3,500, pursuant to § 362(k)(1) of the Bankruptcy Code.

Wherefore, based upon the foregoing and for good cause shown;

**IT IS HEREBY ORDERED** that the Motion is granted in part and denied in part, as set forth on the record at the Default Hearing and as set forth in this Ruling and Order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is to lodge a form of judgment consistent with this Ruling and Order.

**DATED AND SIGNED ABOVE.**